UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZANNETTA DUDLEY ) | Case Number |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| ACADEMY COLLECTION SERVICE, ) | **JURY TRIAL DEMANDED** |
| INC. ) | |
| ) | |
| **Defendant.** | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Zannetta Dudley, by and through her undersigned counsel, Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, Zannetta Dudley, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also brings this action pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. ("FCEUA").

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.  Declaratory relief is available pursuant to 28 U.S.C §2201 and 2202.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

4. Supplemental jurisdiction is conferred over Plaintiff's state law claims by 28 U.S.C. §1367(a).

### III. PARTIES

5. Plaintiff is an adult individual and citizen of the State of North Carolina, residing at 3204 Sugar Pine Trail, Apt. 101, Durham, NC 27713.

6. Defendant, Academy Collection Service, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.

7. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. On or about September 6, 2007, an agent of the Defendant contacted Plaintiff indicating that they had been retained to collect on her account with Citibank.

9. Prior to September 6, 2007 Plaintiff had been making regular payments Consumer Credit Counseling in the amount of $157.00 , which is was being accepted by the original creditor and no further contact was made and the balance was decreasing.

10. The agent of the Defendant indicated to Plaintiff that she had to pay $2,700.00 of the $9,000.00 alleged balance immediately.

11. The agent further indicated to Plaintiff that since she could not pay that Defendant would just garnish her pay check.

12. The original creditor has not given authority to file suit.

13. No suit has been filed.

14. No judgment has been entered in favor of the original creditor or Defendant.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

15. The above paragraphs are hereby incorporated herein by reference.

16. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

   a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

   b. 15 U.S.C. 1692e(11), in that Defendant failed to state in its initial telephone call or any subsequent calls or written communications that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

   c. 15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

 a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

 b. Actual damages;

 c. Statutory damages pursuant to 15 U.S.C. §1692k;

 d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

 e. Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL").  Defendants are "debt collectors" pursuant to 73 Pa. C.S. §2270.3.

20. The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

21. The PCA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

22. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

23. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTCPL.

24. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

25. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                            **Respectfully submitted,**

                                            **WARREN & VULLINGS, LLP**

**Date:   September 25, 2007**          **BY:       /s/    Bruce K. Warren_____**
                                            Bruce K. Warren, Esquire
                                            Warren & Vullings, LLP
                                            Identification No. 89677
                                            1603 Rhawn Street
                                            Philadelphia, PA  19111
                                            215-745-9800   Fax 215-745-7880
                                            Attorney for Plaintiff